**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| Tyler McCourt<br>860 Ingleside Ave., Unit 103,<br>Columbus, Ohio 43215,<br><br>　　Plaintiff,<br><br>v.<br><br>CENLAR FSB,<br>425 Phillips Blvd.,<br>Ewing, NJ 08618,<br><br>And,<br><br>PHH Mortgage Corporation,<br>d/b/a PHH Mortgage Services<br>1 Mortgage Way,<br>Mount Laurel, New Jersey 08054,<br><br>　　Defendants. | CASE NUMBER: **2:23-CV-716**<br><br>JUDGE:<br><br>**<u>JURY DEMAND ENDORSED<br>HEREIN</u>** |

**COMPLAINT FOR MONEY DAMAGES AND OTHER RELIEF**

The following allegations are based upon Plaintiff Tyler McCourt's ("Plaintiff") personal knowledge, the investigation of counsel, and information and belief. Plaintiff, through counsel, alleges as follows:

## I. INTRODUCTION

1. In 2020, Plaintiff purchased a property in Columbus, Ohio to be used as his personal residence by entering into a mortgage loan with Equitable Mortgage Corporation.

2. Soon thereafter, Defendant CENLAR FSB ("CENLAR") began servicing Plaintiff's mortgage loan.

1

3. From the execution of his mortgage loan until he sold his home in 2022, Plaintiff timely made his monthly mortgage payments, including the portions of those payments that were to be held in escrow to pay the taxes on the property.

4. CENLAR improperly used Plaintiff's payments to pay the property taxes for the entire 2021 tax year for an incorrect property address that was not owned by Plaintiff, and then transferred servicing of the mortgage loan to Defendant PHH Mortgage Corporation ("PHH") in August of 2021.

5. Plaintiff discovered the error in 2022, when he received a letter from Franklin County noting that his taxes were delinquent. After receiving the letter, Plaintiff called Defendant PHH regarding the property taxes and discovered that Defendant CENLAR had paid the taxes for the wrong address.

6. For months, Plaintiff demanded that PHH correct the error. However, even though PHH freely admitted that the property taxes were paid to an incorrect address they refused to refund Plaintiff those amounts or credit his escrow account with those payments.

7. Even after Plaintiff sent PHH a notice of error and qualified written request explaining the situation, PHH still refuses to refund Plaintiff the escrow balance used to pay someone else's taxes.

8. Plaintiff has no other recourse than to bring this Action to recover those amounts.

## II. PRELIMINARY STATEMENT

9. Plaintiff institutes this action for actual damages, statutory damages, punitive damages, attorney fees, and the costs of this action against Defendants for

violations of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601-2617 (2018 & Supp. 2022) ("RESPA"), violations of Regulation X, 12 C.F.R. §§ 1024.1-1024.41 (2023) ("Reg X"), and unjust enrichment.

### III. JURISDICTION

10. This Court has subject matter jurisdiction over Count One and Two under RESPA, 12 U.S.C. § 2614, 28 U.S.C. § 1331 (2018), and 28 U.S.C. § 1337 (2018).

11. This Court has subject matter jurisdiction over Count Three pursuant to 28 U.S.C § 1367 (2018), as those claims form part of the same case or controversy as Count One.

12. This Court has personal jurisdiction over Defendants because Defendants transact business within this District, the Mortgage Loan was incurred within this District, and the property which was the subject of the Mortgage Loan is located within this District. *International Shoe v. Washington*, 326 U.S. 310 (1945).

### IV. VENUE

13. The majority of the witnesses reside in the Southern District of Ohio.

14. A substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Ohio.

15. All of the property that is the subject of the action is situated in Southern District of Ohio.

16. Venue is proper in accordance with 28 U.S.C. § 1391(b)(2) (2018).

### V. PARTIES

17. Each action or inaction alleged herein against Defendants is also an allegation of

action or inaction by Defendants' agents, predecessors, successors, employees, contractors, assignees, assignors, and servicers, as appropriate.

18. Plaintiff is a natural person currently residing within this Court's jurisdiction at 860 Ingleside Ave., Unit 103, Columbus, Ohio 43215.

19. At all times relevant to this transaction, Plaintiff was and is a **"Person"** within the meaning of RESPA, 12 U.S.C. § 2602(5).

20. At all times relevant to this transaction, Plaintiff was and is a **"Borrower"** within the meaning of RESPA.

21. At all times relevant to this transaction, Plaintiff was and is a **"Borrower"** within the meaning of Reg X, 12 C.F.R. § 1024.30(d).

22. Defendant PHH is a mortgage lender and servicer headquartered in Mount Laurel, New Jersey.

23. At all times relevant to this transaction, Defendant PHH was and is a **"Person"** within the meaning of RESPA, 12 U.S.C. § 2602(5).

24. At all times relevant to this transaction, Defendant PHH was and is a **"Servicer"** within the meaning of RESPA, 12 U.S.C. § 2605(i)(2).

25. At all times relevant to this transaction, Defendant PHH engaged in and engages in **"Servicing"** of Plaintiff's Mortgage Loan within the meaning of RESPA, 12 U.S.C. § 2605(i)(3).

26. Defendant CENLAR is a servicer headquartered in Ewing, New Jersey.

27. At all times relevant to this transaction, Defendant CENLAR was and is a **"Person"** within the meaning of RESPA, 12 U.S.C. § 2602(5).

28. At all times relevant to this transaction, Defendant CENLAR was and is a

**"Servicer"** within the meaning of RESPA, 12 U.S.C. § 2605(i)(2).

29. At all times relevant to this transaction, Defendant CENLAR engaged in and engages in **"Servicing"** of Plaintiff's Mortgage Loan within the meaning of RESPA, 12 U.S.C. § 2605(i)(3).

## VI. FACTUAL ALLEGATIONS

30. Plaintiff incorporates all paragraphs by reference as though fully written here.

31. On or about March 10, 2020, Plaintiff purchased the property commonly known as 1285 Dennison Avenue, Columbus, Ohio 43201 ("Property") to be used as his primary residence.

32. On or about March 10, 2020, Plaintiff and Equitable Mortgage Corporation entered into a mortgage and note for the purchase of the Property ("Mortgage Loan").

33. At all times relevant to this Complaint, Plaintiff timely paid his monthly Mortgage Loan payments.

34. A part of those monthly Mortgage Loan payments included payments to be held in escrow that were to be used pay property taxes, insurance, and other charges for the Property ("Escrow Account").

35. On or about March 10, 2020, Defendant CENLAR began servicing the Mortgage Loan.

36. On or about April 1, 2021, Defendant CENLAR used money from the Escrow Account to pay the taxes on a property that was not owned by Plaintiff.

37. On or about April 1, 2021, Defendant CENLAR deducted the amounts it paid in property taxes for the wrong property from Plaintiff's Escrow Account.

38. On or about June 2, 2021, Defendant CENLAR used money from the Escrow

Account to pay the taxes on a property that was not owned by Plaintiff.

39. On or about June 2, 2021, Defendant CENLAR deducted the amounts it paid in property taxes for the wrong property from Plaintiff's Escrow Account.

40. Defendant CENLAR never corrected the accounting to reflect the improper payments made to an incorrect address, and never refunded those amounts to Plaintiff's Mortgage Loan account or Escrow Account.

41. On or about August 1, 2021, Defendant PHH began servicing the Mortgage Loan.

42. Defendant PHH failed to ensure that it received proper records from CENLAR before it began servicing the account.

43. Defendant PHH failed to pay the property taxes owed on the Property for the 2021 tax year.

44. Defendant PHH failed to properly update and correct the Mortgage Loan account to reflect Plaintiff's payments.

45. Defendant PHH failed to keep accurate records regarding the Escrow Account.

46. On or about December 31, 2021, there was a total of at least $6,112.49 in the Escrow Account.

47. On or about January 1, 2022, the total amount left in the Escrow Account was $4,471.00.

48. There were no withdraws from the Escrow Account between December 31, 2021, and January, 1, 2022, and Defendant PHH did not refund Plaintiff any surplus escrow amounts for 2021.

49. On or about March 15, 2022, Plaintiff first discovered that the property taxes for

the Property had not been paid after receiving a letter from the Franklin County Treasurer. A true and accurate copy of the letter is attached hereto as Exhibit A.

50. On or about April 12, 2022, Plaintiff contacted the Franklin County Treasurer regarding the property taxes.

51. On or about April 13, 2022, the Franklin County Treasurer informed Plaintiff that to correct his taxes PHH would need to provide the Franklin County Treasurer with proof of payment.

52. On or about April 13, 2022, Plaintiff contacted Defendant PHH regarding payment of his 2021 property taxes.

53. From on or about April 13, 2022, until the present, Plaintiff has called and emailed Defendant PHH numerous times to: explain that his property taxes were paid to the wrong address; explain that Defendants failed to correct his escrow account; explain that Defendants failed to refund Plaintiff the escrow payments he made that were never used to pay his property taxes; explain that the Franklin County Treasurer needed PHH to contact them to correct the tax charges; and to demand that Defendant PHH refund him the amounts that were improperly charged to him as escrow payments.

54. To date, Defendant PHH has refused to correct the tax charges with the Franklin County Treasurer or provide Plaintiff with the information he needs to correct those charges.

55. On or about June 24, 2022, Plaintiff sold the Property and paid off the Mortgage Loan. A true and accurate copy of the Satisfaction of Mortgage is attached hereto as Exhibit B.

56. On or about July 12, 2022, Defendant PHH sent Plaintiff a check for the Escrow Account surplus for the 2022 tax year ("Surplus").

57. The Surplus did not include the amounts Plaintiff paid into the Escrow Account in 2021, which Defendants used to pay the taxes on an incorrect property.

58. The Surplus only included the escrow surplus from Plaintiff's payments in 2022.

59. On or about September 23, 2022, and as a result of Defendants' actions and inactions, Plaintiff was forced to pay the delinquent property taxes on the Property and the penalty for the late payment.

60. On or about November 28, 2022, Plaintiff filed a complaint with the U.S. Consumer Financial Protection Bureau ("CFPB Complaint").

61. On or about December 27, 2022, Plaintiff mailed a qualified written request and notice of error to Defendant PHH ("Notice"). A true and accurate copy of the Notice and proof of receipt are attached hereto as Exhibit C.

62. The Notice specifically notified Defendant PHH of the errors with the Escrow Account, and requested information and documents related to that account.

63. On or about December 28, 2022, Defendant PHH responded to Plaintiff's CFPB Complaint, and admitted that the funds in Plaintiff's escrow account were used to pay the taxes for the incorrect property.

64. On or about December 20, 2022, Defendant PHH received the Notice.

65. Defendant PHH failed to acknowledge the receipt of the Notice within 5 days.

66. On or about January 23, 2023, Defendant PHH responded to the Notice, again admitted that the funds in Plaintiff's escrow account were used to pay the taxes for the incorrect property, and refused to refund Plaintiff those amounts.

67. Defendant PHH's response to the Notice did not include a majority of the information and documents Plaintiff asked for, including but not limited to:
    i. The name, address, and telephone number of the owner of the note, plus the name of the master servicer of the note;
    ii. A complete payment history of how payments and charges were applied, including the amounts applied to principal, interest, escrow, and other charges;
    iii. A detailed statement of how the escrow is calculated;
    iv. A detailed statement of each fee or assessment on this account;
    v. A copy of all written communications between Plaintiff and Defendant PHH regarding his Mortgage Loan Account;
    vi. Any notes Defendant PHH's personnel or employees created reflecting communications with the Plaintiff about his Mortgage Loan;
    vii. A copy of all servicing agreements pertaining to Plaintiff's Mortgage Loan;
    viii. A copy of all invoices for any legal fees charged to Plaintiff's Mortgage Loan; and
    ix. A copy of any documents showing the payment of property taxes for Plaintiff's Mortgage Loan.
68. To date, Defendant PHH has failed to supplement its response to the Notice.
69. To date, Defendant PHH has failed to make any payments to Plaintiff for the Escrow Account errors or otherwise correct his Escrow Account.
70. To date, Defendant PHH has failed to make any payments to Plaintiff to refund

the amounts he paid into the Escrow Account that were not used to pay his property taxes in 2021.

71. Defendants' lack of diligence resulted in a deficient refund of the Escrow Account balance, and diminished the equity in his Property when it was sold.

72. As a result of Defendants' actions and inactions, Plaintiff suffers from severe emotional distress, including anxiety, increased stress, and sleepless nights.

**VII. COUNT ONE – RESPA AND REG. X VIOLATIONS AGAINST DEFENDANT CENLAR**

73. Plaintiff incorporates all paragraphs by reference as though fully written here.

74. Defendant CENLAR's actions described herein constitute violations of RESPA and Reg. X.

75. Violations of Reg. X constitute violations of RESPA pursuant to 12 U.S.C. §§ 2605(k)(1) and 2617(a).

76. Defendant CENLAR failed to properly administer the escrow account for the Mortgage Loan, added improper charges and fees to the account, failed to make timely payments for the property taxes, and failed to refund Plaintiff the amounts Defendants collected for those taxes in violation of 12 U.S.C. § 2605(g).

77. Defendant CENLAR failed to analyze Plaintiff's Escrow Account in accordance with 12 C.F.R. § 1024.17(d) and therefore violated that Section.

78. Defendant CENLAR failed to return the surplus created from Plaintiff's escrow payments and Defendant's failure to pay the property taxes within 30 days in violation of 12 C.F.R. § 1024.17(f)(2)(i) and 12 C.F.R. § 1024.34(a).

79. Defendant CENLAR failed to make timely disbursements from the escrow

account in violation of 12 C.F.R. § 1024.17(k) and 12 C.F.R. § 1024.34(a).

80. As a result of Defendant CENLAR's actions, Plaintiff suffers severe emotional distress, including anxiety, stress, and sleepless nights.

81. As a result of Defendant CENLAR's actions, Plaintiff was not refunded the excess escrow payments he made to Defendants and suffered depreciated equity when selling the Property due to their failure to exercise reasonable diligence and comply with RESPA and Reg. X.

82. Defendant CENLAR is liable to Plaintiff under this Count for its RESPA violations in an amount equal to or greater than: statutory damages of $2,000.00, actual damages for its violations of RESPA, and the costs of this action and attorney fees pursuant to 12 U.S.C. § 2605(f).

**VIII. COUNT TWO – RESPA AND REG. X VIOLATIONS AGAINST DEFENDANT PHH**

83. Plaintiff incorporates all paragraphs by reference as though fully written here.

84. Defendant PHH's actions described herein constitute violations of RESPA and Reg. X.

85. Violations of Reg. X constitute violations of RESPA pursuant to 12 U.S.C. §§ 2605(k)(1) and 2617(a).

86. The Notice is a "qualified written request" as that term is defined in 12 U.S.C. § 2605€(1)(B).

87. The Notice is a "Notice of error" as the term is defined in 12 C.F.R. § 1024.35(a).

88. The errors Plaintiff describes in his Notice are "errors" as defined in 12 C.F.R. § 1024.35(b).

89. The Notice is a "written request for information" as defined by 12 C.F.R. § 1024.36(a).

90. Defendant PHH failed to make the appropriate corrections to Plaintiff's account in response to the Notice in violation of 12 U.S.C. § 2605(e)(2)(A), including but not limited to:

    i. Defendant PHH failed to correct and update the escrow amounts owed to Plaintiff by removing excess charges, and

    ii. Defendant PHH failed to return the amounts they overcharged Plaintiff for the property taxes that Defendants failed to pay.

91. Defendant PHH failed to properly administer the escrow account for the Mortgage Loan, added improper charges and fees to the account, failed to make timely payments for the property taxes, and failed to refund Plaintiff the amounts Defendant PHH collected for those taxes in violation of 12 U.S.C. § 2605(g).

92. Defendant PHH failed to properly analyze the balance of the Escrow Account and failed to provide Plaintiff with a correct initial escrow analysis in violation of 12 C.F.R. § 1024.17(e)

93. Defendant PHH failed to return the surplus created from Plaintiff's escrow payments and Defendants' failure to pay the property taxes within 30 days in violation of 12 C.F.R. § 1024.17(f)(2)(i) and 12 C.F.R. § 1024.34(a).

94. Defendant PHH failed to provide an accurate escrow statement to Plaintiff detailing all credits and deposits and explaining how the surplus would be handled in violation of 12 C.F.R. § 1024.17(i) and 12 C.F.R. § 1024.34(a).

95. Defendant PHH failed to make timely disbursements from the escrow account in violation of 12 C.F.R. § 1024.17(k) and 12 C.F.R. § 1024.34(a).

96. Defendant PHH failed to refund the total escrow balance due to Plaintiff in violation of 12 C.F.R. § 1024.34(b).

97. Defendant PHH failed to acknowledge receipt of the Notice within 5 days after receiving the same from Plaintiff in violation of 12 C.F.R. § 1024.35(d).

98. Defendant PHH failed to correct the escrow account or refund Plaintiff's overpayments in violation of 12 C.F.R. § 1024.35(e)(1)(i)(A).

99. Defendant PHH failed to conduct a reasonable investigation of the Mortgage Loan and Escrow Account in violation of 12 C.F.R. § 1024.35(e)(1)(i)(B).

100. By failing to adequately respond to Plaintiff's Notice, Defendant PHH violated RESPA, including pursuant to 12 U.S.C. § 2605(e)(2) and 12 C.F.R. § 1024.36.

101. By failing to conduct a reasonable investigation of the Mortgage Loan and escrow account after receiving Plaintiff's Notice, Defendant PHH violated RESPA, including pursuant to 12 U.S.C. § 2605(e)(2)(B) and 12 C.F.R. § 1024.36(d).

102. By failing to provide Plaintiff with the information he requested, Defendant PHH violated Reg. X, including pursuant to 12 C.F.R. § 1024.36(d).

103. Defendant PHH regularly fails to evaluate and process notices of error and qualified written requests of its borrowers in compliance with RESPA and Reg. X.

104. Defendant PHH engaged in a pattern or practice of noncompliance with the requirements of RESPA and Reg. X.

105. Defendant PHH does not maintain policies or procedures that are reasonably designed to provide accurate and timely notice and information to Plaintiff and other borrowers, properly evaluate borrowers' notices of error or qualified written requests, to identify accounting errors and surpluses, or to ensure that timely and accurate information is transferred to it during a servicing transfer in violation of Reg. X, 12 C.F.R. § 1024.38(a).

106. As a result of Defendant PHH's actions, Plaintiff suffers severe emotional distress, including anxiety, stress, and sleepless nights.

107. As a result of Defendant PHH's actions, Plaintiff was not refunded the excess escrow payments he made to Defendants and suffered depreciated equity when selling the Property due to Defendants' failure to exercise diligence and comply with RESPA and Reg. X.

108. Defendant PHH is liable to Plaintiff under this Count for its RESPA violations in an amount equal to or greater than: statutory damages of $2,000.00, actual damages for its violations of RESPA, and the costs of this action and attorney fees pursuant to 12 U.S.C. § 2605(f).

**IX. COUNT THREE – UNJUST ENRICHMENT AGAINST ALL DEFENDANTS**

109. Plaintiff incorporates all paragraphs by reference as though fully written here.

110. Plaintiff conferred a benefit on Defendants by paying Defendants certain amounts to be held in an Escrow Account for the Mortgage Loan.

111. Defendants knew of and accepted the payments.

112. Defendants failed to pay the property taxes for the Property for the 2021 tax year, and then kept the payments Plaintiff made to Defendants to pay for those taxes.

113. Defendants decreased Plaintiff's escrow balance without cause or explanation and then kept those amounts.

114. Defendants failed to credit the Escrow Account, correct the balance, or refund Plaintiff the escrow surplus caused by Defendants' failure to pay the property taxes for the Property.

115. Defendants provided little to nothing of value to Plaintiff for the escrow payments he made to them and caused damages to Plaintiff by their actions.

116. Defendants' acceptance and retention of the benefits under the circumstances make it inequitable for Defendants to retain Plaintiff's payments.

117. Defendants were unjustly enriched, and equity requires that Defendants repay Plaintiff the amounts he paid to Defendants, plus interest from the date that Defendants first improperly withheld payment from Plaintiff.

## X. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Assume jurisdiction of this case;

B. Grant Plaintiff the maximum damages he seeks on his counts, including the maximum statutory damages available under each claim where statutory damages are available, and the maximum economic and non-economic damages available, including actual, emotional, general, and other damages;

C. Award Plaintiff actual damages to be established at trial;

D. Award Plaintiff statutory damages under RESPA;

E. Award Plaintiff the costs of this litigation;

F. Award Plaintiff his attorney fees;

G. Declare that Defendants' acts and practices violate RESPA; and

H. Award such other relief as the Court deems appropriate.

Dated: February 21, 2023

Respectfully Submitted,
Kohl & Cook Law Firm, LLC

/s/ Brian A. Brown
Brian A. Brown (0096733)
Timothy J. Cook (0093538)
Sean M. Kohl (0086726)
Andrew J. Gerling (0087605)
1900 Bethel Rd.
Columbus, OH 43220
PH (614) 763-5111
FAX (937) 813-6057
Timothy@KohlCook.com
Brian@KohlCook.com
Andrew@kohlcook.com
*Attorneys for Plaintiff*

## JURY TRIAL DEMANDED

Plaintiff respectfully requests a jury trial on all triable issues.

/s/ Brian A. Brown
Brian A. Brown (0096733)
